May it please the Court. My name is Stephen William Manning, and I'm representing Dennis Medina, the petitioner in this matter. With the leave of the Court, I will reserve two minutes for rebuttal. In this case, Mr. Medina is seeking review of a motion to reopen which was improperly denied by the Board of Immigration Appeals. Mr. Medina is the adult unmarried son, stepson, of a United States citizen. He has an approved visa petition which allows him to immediately immigrate to the United States. The immigration judge denied reopening, and the Board of Immigration Appeals affirmed, because they found that the relationship between the stepfather and stepson was not particularly strong. And in the words of the immigration judge, it wasn't a very good one. Let me just ask you, straight off, assume that they improperly weighed the relationship of the stepfather to the stepson. Aren't there still grounds for us to remand considering – are there grounds for us to remand considering that both the immigration judge and the BIA also properly took into consideration his voluntary deporture agreement? Yes. In fact, that's what we would request, that the proceedings be remanded to allow for an adjudication of his adjustment application. All right. How do you address the issue of jurisdiction? If Section 1252A2B says – I don't remember the exact words, but more or less that we don't have jurisdiction to review a judgment under certain specified sections, and then it's got a Part II that talks about any other decision that's discretionary. So isn't this a discretionary decision, and therefore, why do we have jurisdiction? It is a discretionary decision. However, there are five cases from this circuit which provide four rules which determine why this Court has jurisdiction over this motion to reopen. And those five cases are Saramati, Aracel, Spencer Enterprises, Singh, and Matsuk. And those are all cited in the briefs. The four rules that those cases provide are, first, that there generally is jurisdiction whenever – over agency actions unless there's a particular rule precluding a review. In this case, there are possibly two rules precluding review. Both of them found in 1252A2B1 and 2. B1 lists out certain provisions under which an alien cannot seek review if there's a decision that has – if there's a decision rendered under one of those enumerated grounds, review is precluded. B2 states that if there's any other decision, the authority for which is specified under this title, Title VIII, to be in the discretion of the Attorney General, the review is also precluded. First rule, jurisdiction is assumed unless there is preclusion rule applying. Rule 2 is that a motion to reopen is so intertwined with the underlying deportation order that you must look to the deportation order to determine under what section of the law it was issued to see if B1 applies. That is one of the enumerated grounds. The third rule is that the ultimate relief that the individual might be seeking, for example, in this case, adjustment of status, is not a factor when determining whether or not those two preclusion rules apply. The fourth rule is that the discretionary decision is – of the Attorney General is only immune from judicial review if it is, excuse me, in the words of the statute, specified in the statute itself. That specified, that is to say, that it must be mentioned with particularity using words such as, in the Attorney General's letters. Roberts, does the statute specify that the issue that you're raising is in the discretion of the AG? Not at all, Your Honor. Motions to reopen, we consider discretionary. However, motions to reopen, the discretion of the Attorney General is based on decisional law. So it's a – if it's a discretionary decision that's based on case law, Congress hasn't taken away our jurisdiction. Exactly. As you see it. They've only taken away our jurisdiction on issues where the statute says this shall be in the discretion of the Attorney General. Exactly. And that is what Spencer Enterprises decided. Okay. So applying those rules to this case, this is a removal order issued under 8 U.S.C. 1182-A6-AI, which is from an individual who is present in the United States without admission or parole. That ground is not one of the enumerated grounds in 1252-A2-B1. That Mr. Medina is ultimately seeking the relief of adjustment of status, which is one of the enumerated grounds, does not matter. And finally, that the motion to reopen, it is discretionary. However, it is not so stated in the statute. In fact, there – at the same time Congress added the preclusion rules of – regarding discretionary decisions, they added rules related to motions to reopen, placing time, numerical, and content restrictions on them. Even though they're part of the same statute and enacted at the same time, Congress did not include any – did not delegate the authority to make that discretionary decision to the Attorney General or specify it within the statute. We can see that the Attorney General has broad discretion to decide motions to reopen, but the discretion has its limits. That's to say that the Board of Immigration Appeals does not have the discretion to misapply the law. The law in this circuit, at least since 1976, has been that when deciding motions to reopen, the Board of Immigration Appeals must consider all the relevant factors. And the word relevant is a legal determination. It's a legal determination that this Court makes determining the adverse and – the adverse and positive equities that must be weighed. Here, the Board of Immigration Appeals and the immigration judge considered only one factor. They considered the viability of the relationship between stepfather and stepson. They said it was a weak relationship. I mean, the stepfather hadn't shown up to testify a few times and was separated from the mother? That's correct. But they were still married. They were still married. Your position is if they were still married, then the Board abuses its discretion by kind of automatically by not following the law and letting him rely on the relationship. Exactly. Is that it? Okay. So, I mean, he gets to rely on the legal relationship under the law as you see it, if, in fact, the stepfather hasn't talked to him for five years or, you know, wouldn't give him the time of day. Those aren't the facts in this case. However, that – I understand. I just want to know what your position is on it. Yes. That's the Board of Immigration Appeals precedent decisions, matter of Maurer, matter of McKee, which hold – which so hold that you cannot look into – that the executive branch has no expertise in deciding what's a good family relationship. In this case, the immigration judge found that it wasn't a particularly good relationship because after there was a death in the family, there weren't immediate phone calls. There's no expertise from the government to determine what the relationship should be like. And, therefore, you cannot inquire – the administrative agency cannot inquire into the bona – or the viability. They can question the bona fides if it was valid at its inception. And I would like to reserve the remaining of my time. You may. Good morning. Good morning, Your Honors. May it please the Court, my name is Aviva Poxter for the Respondent. The petition for review in this case, Your Honor, should be dismissed by this Court on three independent grounds. First, this case ultimately, bottom line, comes to a nonreviewable discretionary determination that Petitioner was not eligible for adjustment of status in the exercise of discretion. And that is because what? Because Section 245 is specifically listed under Section 242a2b1 of the Immigration and Nationality Act as being the type of discretionary determination that's specifically specified by this Act as being outside of the Court's jurisdiction. Are you familiar with the recent Spencer case? I am, Your Honor. All right. And why doesn't that answer your argument? Well, Spencer – or this case, rather, is distinguishable from Spencer for a couple of reasons. First of all, Spencer involves ultimately a visa determination which had specific statutory guidelines for determining whether the visa petition should have been granted. In other words, an individual meets the statutory criteria for this particular visa, and it should be granted. No further – no further discretionary determination is involved. That's what the Court held. In this particular case, we have a motion to reopen which doesn't have the same type of clear statutory criteria. And underneath that, we have a nonreviewable discretionary determination under Section 245 that Petitioner is not eligible for cancellation of removal. Accordingly, Spencer is distinguishable from this case. And in addition, the Court in Spencer noted that it would exercise jurisdiction in cases where there is a meaningful standard by which to – to adjudicate the underlying determination. In this case, it would be the motion to reopen. Again, in Spencer, the visa petition had very clear rules about when it could be granted. Whereas in this case, the same type of criteria, again, don't exist because of the way the motion to reopen language is written in the Immigration and Nationality Act. Furthermore, I think it's important to note in this case that this Petitioner had more than his full and fair day in court on this case. The immigration judge was, in fact, so generous to Petitioner that he granted two hearings on the motion to reopen. Now, motions to reopen do not require an immigration judge to grant a hearing. The regulations don't require it. Kennedy. But once he finally gets around to it and he has a hearing, if he makes a mistake of law about whether the strength of the step-parent relationship can be considered, and if we have jurisdiction, isn't that the end of the story? Well, to the – If we have jurisdiction, which, you know, is in contest. If we have jurisdiction and he made a mistake of law in what he did, what does it matter how generous he was about, you know, how many chances he gave for hearings? Well, our position, Your Honor, is that there was no mistake of law made in this case. Petitioner got plenty of time to present enough evidence to basically overcome whatever impediments were present in his case. He had plenty of time to come up with as much evidence as he could. Well, that's not the issue. The issue is whether or not the step-father viability relationship is a proper basis as a matter of law. That's clearly what the I.J. ruled on, isn't it? Well, the I.J. also heard testimony regarding the strength or bona fides of the relationship. But that's improper. I mean, that's not something for – under the BIA precedent for the I.J. to probe into. Well, BIA precedent, Your Honor, has stated that these types of familial-based visas are, in fact, created for the specific reason of fostering an existing family relationship. The – If it really was proper, did you have any evidence that the marriage was a sham? Well, the viability of the marriage is not – was not the primary issue that the immigration judge insisted of – Was there any clear given by you that there was a legal separation? There is no proof from either party that there was a legal separation, although there was testimony of a separation. If we agreed that this was appropriate, wouldn't you have the burden to show that either the step-daughter married mother – the mother after Morales turned 18, or the marriage was a sham, or that they were legally separated? But there was nothing in the record that I saw. No, Your Honor. But again, this isn't the type of visa that's granted on the basis of a marriage, which is primarily the type of case law that was cited in Petitioner's brief. The – the board case law on this type of petition is much less specific in terms of what can be considered than the marital-type relationships, which discussed, you know, viability at inception. In this case, you have a petitioner who had been in Honduras for three years following the marriage. He – his – his mother testified that she went to Honduras by herself with Petitioner, the step-father did not go with him. The immigration judge heard testimony that when he came back from Honduras, he was almost an adult, lived with the step-father for only approximately two years. After that, he doesn't have an address for the step-father. He doesn't speak to his step-father on a regular basis, doesn't have a phone number. These are the type of things that were heard by the immigration judge during this whole process. And accordingly, there was no abuse of – of discretion in this case. Furthermore, Petitioner shouldn't be allowed to circumvent the regulation at 242a2b1, which again states that – that this court doesn't have review over an adjustment of status simply by filing a motion to reopen. He doesn't get review directly from the adjustment, but he shouldn't be able to then file a motion to reopen and basically circumvent that bar by filing the motion. And to the extent that we have argued that the court doesn't have jurisdiction over the motion to reopen, I'd like to point out that we do – the government is not purporting to say that the board – that this court rather never has jurisdiction over a motion to reopen. What we're saying is that this particular factual and procedural scenario in which we have a case where the underlying relief is discretionary and barred by the statute and was denied in the exercise of discretion, this Court granting a motion to reopen in that sort of situation just really becomes an exercise in futility, because ultimately it's layers upon layers of discretionary determination, some of which are – are, again, nonreviewable. Well, I – could I just explore that? I – that's a fair point, but I'm still trying to understand. My understanding is that the BIS Moore decision says you can't base your discretion on the viability of the relationship. If they're not legally separated, then that's not a permissible basis for exercising discretion. And I assume that's the case. Then why isn't it appropriate for us to have jurisdiction to determine whether in the exercise of discretion the I.J. relied on a legally impermissible basis? Well, again, Your Honor, it's not entirely clear from case law. Assume it's clear. Assume it's clear. Just I want to understand the scope of your argument. Assume it's clear that the – That he should not have gone into the viability. Absent proof that there was a legal separation, that was not a ground on which he could exercise his discretion. On the merits. Well, there were other – again, in this case, there were other factors that were considered by the judge. I'm trying to understand your argument. Now you're saying there may be other bases. But assuming that the record is that he – the I.J. relies on a legally impermissible basis in exercising his discretion, is your argument because it is discretionary at that layer, that level, ultimately it's his discretion, we don't have jurisdiction to review it? Well, in a certain degree, yes. However, this case was also reviewed by the Board of Immigration Appeals. It didn't, you know, directly go from the immigration judge, one layer, no review, and to this court where we say there's no – there's no review.  If the I.J. applies an error of exercise of discretion erroneously per BIA precedent and the BIA doesn't follow its own precedent, we can't, because both of those layers are, quote, discretionary, we can't review it? Well, I would say that if both layers had made a mistake that was not clarified, then, yes, if it was a clear misapplication of law, then, yes, this court probably should exercise discretion, but that's simply not what we have here. How do you square that with the provision that you mentioned earlier that says we don't have jurisdiction? Well, again, that depends on the court's construction of the provision and how strictly it's going to be – is going to be applied. I mean, our first argument would be you don't have jurisdiction because of the clear language of the statute. I mean, if the court is going to carve out an exception or find that there's some problem, that's certainly up to the court's discretion. On the other hand, as an officer of the court, I'm not willing to say that a misapplication of law should necessarily go unnoticed. Okay. Did we say anything or hold anything in Zazueta-Carrillo that bears on this issue, whether there's jurisdiction? I believe that case had to do with voluntary departure. Right. In that case, I believe in that case the court said that it did not have jurisdiction to extend the period. I know there's a case that says extend, there's a case that says stay, and there's a case that says grant. But neither of those are particularly applicable in this case. One last matter, Your Honor, honors of a housekeeping nature. I received Petitioner's objection to my 28J submission just this morning. I'd like to note, however, that there is part of a record attached to the filing that this Court cannot review because it was not in the administrative record. There's also a mention of temporary protective status in here, which, again, was not part of the administrative record below. Of course, if the Court wishes additional briefing on the issue, we're certainly willing to do that at some later time. I'm not prepared to otherwise discuss that pleading at this time. Okay. Time is up. I'm sorry, Your Honor? Time is up. You're under the red. Thank you, Your Honor. Thank you very much. Thank you. Thank you. Three points. One, the Respondent's argument that we're seeking that this is a review of an adjustment of status or that the ultimate relief that Mr. Medina is seeking of adjustment of status, first, is incorrect as a procedural matter. This is not a review of adjustment of status application. There was no adjudication of the adjustment of status application, which would be under Section 245 or 1255. Second, the argument, in any event, would be foreclosed by this Court's precedent in R. O'Sull, which stated that the – in motions to reopen, you look to the charging document. If there has been no adjudication, a substantive adjudication on the merits, you look to the charging document to determine under which section of law the – the deportation order was issued. Discretion is not this cloak, which the immigration judge or the Board of Immigration Appeals can use to wrap around items that are not legal – that they can't call a legal determination, a discretionary determination, to hide it from review of the courts. Here, the Board – the immigration judge and the Board made clear legal error. They considered not only amongst many factors, but as the only factor, a factor which is legally impermissible. They called a discretionary decision, the immigration judge and the Board of Immigration Appeals. So let me just clarify what would – let's assume that we conclude we have jurisdiction under whichever precedent, and then we conclude that VIJ made a mistake as to the stepfather relationship, and the BIA missed it and didn't follow its own precedent. What happens then? We remand it to the BIA? Yes. And we – and we tell them to reconsider it in light of our view of their precedent, or we tell them they have to reopen? In other words, what's the relief that your client gets? And so what happens next? The proceedings should be remanded with instructions to reopen or to weigh the factors without regard to the one impermissible factor that they weighed. And we just instruct them to do that? Yes. But we can't tell them what to do when they do that? Exactly. So that's – if they don't end up giving your client relief, then you have another round of appeal of whatever they decide? Yes. Okay. Okay. If we have jurisdiction. If we have jurisdiction. Okay. By the way, I don't know why I'm hung up on Zazueta-Carrillo, maybe because I must have written it, but somebody suggested to me it might have some application. Does it have any application? I didn't think it did, but, you know, once we write these things, they mean whatever they say, not whatever we thought they said. So. I'm over time. I can answer the question? Oh, sure. You can answer the question. Judge Gould has precedence over time. Okay. Thank you. Zazueta does apply to this case in – not for any of the issues that were raised in the argument today, however, in the issues that have been raised in the Respondent's 28J letter and our response to that. And those are contained within our response. Okay. I'll take another look at that, then. Thank you. All right. Thank you, counsel, for argument. We appreciate it. The case that's argued is submitted. The next case on calendar is Traylov v. Ashcroft, which has been submitted. So we'll proceed to argument on United States v. Zamora Brambilio.
judges: Dw Nelson, Fisher, Gould